# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KIMYUNA K. JACKSON,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| **v.** : | **1:12-CV-926-TWT** |
| : | |
| **WILLIAM S. DUFFEY;** : | **[Magistrate Judge Baverman]** |
| **ROBERT L. VINING;** : | |
| **ALAN BAVERMAN; and** : | |
| **ORINDA EVANS,** : | |
| : | |
| **Defendants.** : | |

## ORDER FOR SERVICE OF
## <u>REPORT AND RECOMMENDATION</u>

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). The Clerk is **DIRECTED** to serve upon counsel for the parties and directly upon any unrepresented parties a copy of the Report and Recommendation and a copy of this Order.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s)

made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  2d   day of  April  , 2012.

					**ALAN J. BAVERMAN**
					**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KIMYUNA K. JACKSON,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| **v.** : | **1:12-CV-926-TWT** |
| : | |
| **WILLIAM S. DUFFEY;** : | **[Magistrate Judge Baverman]** |
| **ROBERT L. VINING;** : | |
| **ALAN BAVERMAN; and** : | |
| **ORINDA EVANS,** : | |
| : | |
| **Defendants.** : | |

## UNITED STATES MAGISTRATE JUDGE'S
## ORDER AND FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* ("IFP"). For the reasons below, the undersigned **GRANTS** Plaintiff's IFP application but **RECOMMENDS** that her complaint be **DISMISSED WITH PREJUDICE**.

## I. Introduction

On March 19, 2012, Plaintiff, proceeding *pro se*, filed an IFP application with an attached complaint. [Doc. 1]. Plaintiff seeks to bring a civil action against four judges on this Court: District Judges William S. Duffey and Robert L. Vining; the undersigned, Magistrate Judge Alan Baverman; and District Judge Orinda Evans.

[*See* Doc. 1-1]. Plaintiff asserts a single count for "Unethical Practices without Bias." [*Id*. at 2]. Her primary concern is an Order entered by Judge Duffey on February 29, 2012, wherein he dismissed another complaint Plaintiff had filed. [*Id.* at 1-2 (referring to Order to Dismiss [Doc. 6], *Jackson v. Evans*, Civil Action No. 1:11-cv-1073-WSD (N.D. Ga. Feb. 29, 2012) ("*Evans II*"))[1]].

The instant complaint contains the following factual allegations: (1) the defendants in this matter are employees of this judicial district, the events giving rise to the lawsuit took place in the district, and at all times relevant to the suit, Defendants claimed to be acting under color of federal law; (2) "Defendants, at all times relevant, were acting in the capacity of their employment"; (3) after having presided over *Evans II* since April 14, 2011, Judge Vining, who was also named as a defendant, recused from the matter on February 22, 2012; (4) this period allowed Judge Vining "enough time to find a fellow colleague named Defendant William Duffy [sic] to go along with his and the other Defendants attempt to conspire against the Plaintiff and dismiss the case to prevent legal [sic] against himself and other Defendants"; and (5) on

---

[1] Plaintiff previously sued Judge Evans in the case styled *Jackson v. Evans*, 1:11-cv-249-RLV (N.D. Ga.) ("*Evans I*").

2

AO 72A (Rev.8/82)

February 29, 2012, Judge Duffey dismissed the *Evans II* complaint "after consulting with his colleague on such matter." [Doc. 1-1 at 1-2].

Plaintiff avers that these activities constituted "a violation of all of Plaintiff's federal rights to be free as a homosapien/human being [sic] in the United States of America." [*Id.* at 2]. Accordingly, she requests an award of compensatory and punitive damages, costs, and attorneys' fees, "in an amount greater than the minimum jurdictional [sic] limit of this court." [*Id.* at 3]. Before turning to Plaintiff's IFP application and complaint, the undersigned first examines whether the undersigned's recusal is necessary.

## II. Recusal

Section 455(b) of Title 28 of the United States Code requires a judge to disqualify himself from a case where he "[i]s party to the proceeding." 28 U.S.C. § 455(b)(5)(i). In addition, federal judges abide by the Code of Conduct for United States Judges, a set of ethical principles and guidelines adopted by the Judicial Conference of the United States. *See* Code of Conduct for United States Judges, http://www.uscourts.gov/RulesAndPolicies/CodesOfConduct.aspx (last visited Mar. 30, 2012). In Advisory Opinion No. 103, the Committee on Codes of Conduct

3

acknowledged the problem of forcing judges to recuse by naming them in a lawsuit, stating:

> Important reasons exist for a judge not to disqualify routinely, as this would permit and might even encourage litigants to manipulate and abuse the judicial process, which could undermine public confidence in the integrity of the judiciary. Automatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior judicial rulings. On the other hand, a universal refusal to recuse could also lead to disrespect for and a loss of public confidence in the integrity of the judicial process.

Committee on Codes of Conduct, Advisory Opinion No. 103, http://www.uscourts.gov/uscourts/RulesAndPolicies/conduct/Vol02B-Ch02.pdf (last visited Mar. 30, 2012) ("Advisory Opinions PDF") at 103-1. Ultimately, the opinion concludes that recusal is necessary: "A judge must recuse if he or she is named as a defendant in a proceeding that has been assigned to the judge. Canon 3C(1)(d)(i) provides that a judge shall recuse himself or herself when 'the judge . . . is . . . a party to the proceeding.'" Advisory Opinions PDF at 103-2.

The statute and advisory opinion notwithstanding, however, many courts have come to a contrary conclusion. *See In re Bush*, 232 Fed. Appx. 852, 854 (11th Cir. Jan. 31, 2007) (per curiam) ("A judge's rulings in a related case are not a sufficient basis for recusal, except where pervasive bias is shown.") (citing *Bolin v.*

4

*Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)); *In re Bush* 232 Fed. Appx. at 854 (" 'A judge is not disqualified merely because a litigant sues or threatens to sue him.' ") (quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977)); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) ("[T]he mere fact that Judge Hochberg may be one of the numerous federal judges that Azubuko has filed suit against is not sufficient to establish that her recusal from his case is warranted under 28 U.S.C. § 144 or § 455(a).") (citing *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("[A] per se rule of disqualification [under § 455(a)] would allow litigants to judge shop by filing a suit against the presiding judge.") (alterations in original); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified [under § 144] by a litigant's suit or threatened suit against him.") (alteration in original)); *United States v. Watson*, 1 F.3d 733, 735 (8th Cir. 1993) (per curiam); *United States v. Majhor*, Civ. No. 10-544-MO, 2010 WL 3522382, at *1 n.1 (D. Or. Sept. 3, 2010) ("Normally, when a judge is sued, and is also assigned to the case, the required action is to simply recuse onself . . . . However, where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff.") (internal quotation marks omitted); *Coggins v. Town of Jackson's Gap*, No. 3:08-cv-264-TMH, 2008 WL 2074429, at *2 (M.D. Ala. May 14, 2008) ("Judges

5

AO 72A
(Rev.8/82)

need not recuse themselves merely because they are named as defendants in a meritless action or merely because they have been personally attacked by the defendant in other proceedings."); *see also In re Taylor*, 417 F.3d at 652 ("[E]ven if litigation against a judge is not for purposes of disqualification, recusal is not automatic because suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit.") (citing *Lyons v. Sheetz*, 834 F.2d 493, 495 n.1 (5th Cir. 1987), and *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985)); *Dean v. Law Firm of Morris, Schneider & Prior*, 1:07-cv-1706-JEC, 2007 U.S. Dist. LEXIS 96489, at *4-10 (N.D. Ga. Nov. 8, 2007) (Baverman, M.J.).

Given this consensus among the federal courts, the undersigned concludes that his recusal is not necessary.[2] Moreover, although Judge Duffey, the District Judge

---

[2] Although Plaintiff does not mention this in her complaint, the undersigned notes that other civil suits filed by Plaintiff–*Jackson v. City of Riverdale*, 1:10-cv-3574-ODE, *Evans I*, 1:11-cv-249-RLV, *Jackson v. Cowell*, 1:11-cv-622-RLV,–have been dismissed in recent years by Judge Evans and Judge Vining. In *Riverdale*, the undersigned recommended dismissal of the suit on frivolity grounds for failure to state a claim, and Judge Evans adopted the recommendation. [*See* Docs. 2, 6 of 1:10-cv-3574-ODE]. In *Evans I*, the undersigned recommended dismissal of the suit because Judge Evans had judicial immunity, and Judge Vining adopted the recommendation. [*See* Docs. 4, 7 of 1:11-cv-249-RLV]. In *Cowell*, the undersigned recommended dismissal of the suit on grounds of res judicata, and Judge Vining adopted the recommendation. [*See* Docs. 2, 5 of 1:11-cv-622-RLV]. It may be for this reason that

6

AO 72A
(Rev.8/8
2)

initially assigned to this matter, has recused from further presiding in this matter and thus his recusal would at a minimum, provide useful guidance to the undersigned in resolving the recusal issue in this matter, the Court also notes that it does not have ultimate authority in this matter. Rather, Judge Thrash does. The Court knows that Judge Thrash will undertake an independent, *de novo* review of the issues in this matter, including whether the undersigned should have recusal.

Having so concluded, before turning to Plaintiff's complaint, the undersigned will first evaluate Plaintiff's IFP application.

## III. IFP Application

Plaintiff's application to proceed IFP indicates that she is unemployed and lives with her three sons (aged seventeen years, fourteen years, and two years), who depend on her for support. [Doc. 1 at 3]. She indicates that her state of residence is Illinois. [Doc. 1-1 at 3; Doc. 1-2 at 1]. Plaintiff reports that her monthly income consists of $100 in child support, $660 in disability, and $350 in other public assistance. [Doc. 1 at 1-2]. She states that she has no cash, no bank accounts, and no major assets.

---

Plaintiff is now suing Judge Evans, Judge Vining, and the undersigned. Pursuant to the cases mentioned above, this would not be a sufficient basis to warrant recusal.

7

[*Id.* at 2-3]. She indicates that her monthly expenses consist of $200 for utilities and $350 for food. [*Id.* at 4-5].

The Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[3] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful and equal access to the judicial system. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997). Section 1915 does not, however, create an absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay filing fees when the action is not frivolous or malicious.

---

   3   Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); *see also Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998); *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997). The United States Court of Appeals for the Sixth Circuit has concluded that the use of the word "prisoner" here was a typographical error and that Congress intended to use the word "person" instead. *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997).

*Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[4]  Moreover, while the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, " 'something more than mere statement and an affidavit that a man is "poor" should be required before a claimant is allowed to proceed in forma pauperis.' " *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)).  The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life.  *Adkins*, 335 U.S. at 339.

Because Plaintiff's income is modest and does not substantially exceed her true expenses, the undersigned concludes that she is unable to pay the fees associated with bringing this lawsuit.  Accordingly, the undersigned **GRANTS** Plaintiff's application to proceed IFP.  Because the Court has determined that Plaintiff may proceed IFP, the Court must perform a frivolity review pursuant to 28 U.S.C. § 1915(e).

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

9

**IV. Frivolity Review**

Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent nonprisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jackson v. Farmers Ins. Group/Fire Ins. Exchange*, 391 Fed. Appx. 854, 856 (11th Cir. Aug. 12, 2010) (noting that a "district court must dismiss an *in forma pauperis* complaint at any time if it determines that the action 'is frivolous or malicious' ") (quoting § 1915(e)(2)(B)(i)). A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)); *see also Neitzke*, 490 U.S. at 325 (holding that a complaint "is frivolous where it lacks an arguable basis either in law or in fact"). Nor does a plaintiff state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.' " *Thompson v. Fernandez Rundle*, 393 Fed. Appx. 675, 678 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A *pro se* complaint is liberally construed. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

10

As the following discussion demonstrates, the Court concludes that Plaintiff's claims cannot proceed following the § 1915(e)(2)(B) review. Plaintiff alleges that she is entitled to recover damages from Judge Duffey, Judge Vining, Judge Evans, and the undersigned because on February 29, 2012, Judge Duffey dismissed her complaint in *Evans II*, Civil Action No. 1:11-cv-1073, after consulting with Judge Vining. [Doc. 1-1 at 2]. The claims against Judge Duffey and Judge Vining should be dismissed on judicial immunity grounds, and the claims against Judge Evans and the undersigned should be dismissed for failure to state a claim.

### A. Judicial Immunity

It is well-settled that "judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."[5] *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam) (citing *Bolin*, 225 F.3d at 1239) (internal quotation marks omitted). Judicial immunity applies " 'even when the judge's acts are in error,

---

[5] Whether a judge's actions were made while acting in his or her judicial capacity depends on whether "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070 (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

11

malicious, or were in excess of his or her jurisdiction.' " *Sibley*, 437 F.3d at 1070 (quoting *Bolin*, 225 F.3d at 1239).

This case is due to be dismissed in its entirety on judicial immunity grounds. Plaintiff states that her claim arises from actions taken by federal judges who were, "at all times relevant, . . . acting in the capacity of their employment." [Doc. 1-1 at 2]. Moreover, she specifically alleges that she was damaged by actions Judge Duffey and Judge Vining took in conjunction with their assignment to Plaintiff's case. [*Id.*]. Thus, Plaintiff cannot allege that the defendants in the absence of jurisdiction. As a result, the undersigned concludes that Defendants are immune from Plaintiff's suit for damages.[6]

### B.     Failure to State a Claim

Judicial immunity notwithstanding, the suit is due to be dismissed against Judge Evans and the undersigned for the most fundamental of reasons: the complaint contains no allegation of wrongdoing against either of these defendants. [*See* Doc. 1-1,

---

[6]     Although Plaintiff makes no specific allegations against Judge Evans and the undersigned, as mentioned above, the undersigned suspects that he and Judge Evans were named in this suit because of activities they undertook in their official judicial capacities with regard to Plaintiff's prior civil actions. *See supra* n. 2. To the extent that this is the case, it further bolsters Judge Evans and the undersigned's entitlement to judicial immunity.

12

*passim*]. Indeed, neither of the defendants is mentioned anywhere in the complaint aside from the caption. [*Id.*]. The case law is clear that a Plaintiff may not state a claim against a defendant solely by referring to a party in the caption of the complaint. *See, e.g., Douglas*, 535 F.3d at 1322 (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant cased a legal wrong.")); *Mazuch v. Rosier*, No. 3:08-cv-18, 2008 WL 4844730, at *7 (S.D. Ga. Nov. 7, 2008) (finding that plaintiff failed to state a claim where he only referred to defendant in the caption of the complaint); *Walker v. SunTrust Bank*, No. 7:07-cv-173, 2008 WL 4004714, at *3 (M.D. Ga. Aug. 26, 2008) (dismissing defendants when they were only mentioned in the caption because complaint did not meet the Fed. R. Civ. P. 8(a)(2) pleading requirements); *Johnson v. Fla. Dep't of Law Enforcement*, No. 2:07-cv-57-FtM-99SPC, 2008 WL 3927241, at *3 (M.D. Fla. Aug. 21, 2008); *Wilder v. Wallen*, No. 1:06-cv-103, 2007 WL 120162, at *1 (S.D. Ga. Jan. 11, 2007) ("Plaintiff does not state a valid claim by simply naming [the defendant], as a Defendant in the caption of his complaint and then making no further mention of this Defendant."); *see also Kadar Corp. v. Milbury*, 549 F.2d 230, 232 (1st Cir. 1977) (affirming dismissal where individual was named only in caption of

13

complaint because status as intended defendant was "so nebulous as plainly to warrant dismissal"); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Consequently, the action is due to be dismissed against Judge Evans and the undersigned for failure to state a claim.

## V. Conclusion

For the reasons above, the undersigned **GRANTS** Plaintiff's IFP application but **RECOMMENDS** that her complaint be **DISMISSED WITH PREJUDICE**.[7]

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

---

[7] For *pro se* plaintiffs, a court must give a plaintiff a chance to amend the complaint before dismissing with prejudice an action when a more carefully drafted complaint might state a claim. *See Langlois v. Traveler's Ins. Co.*, 401 Fed. Appx. 425, 427 (11th Cir. Oct. 22, 2010) (per curiam). Here, the undersigned **RECOMMENDS** that Plaintiff **NOT** be afforded an opportunity to amend her complaint because such an amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). As noted above, there is no private cause of action for any matter undertaken by a judge who is acting within his or her capacity as a judge, and the only circumstances linking any of the named defendants to Plaintiff's claim are grounded in those defendant's official judicial activities related to Plaintiff's cases. Plaintiff's complaint should therefore be dismissed with prejudice.

14

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this the 2d day of April, 2012.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)